## WEBSTER *vs*. BRAZELTON *et al.*

When a bill is filed to rectify a deed of gift, and upon satisfactory proof, supported by strong corroborating circumstances, the jury decree for the complainant, and the Circuit Judge refuses to grant a new trial, this Court will not disturb the judgment, especially where the question is one of fact only.

In Equity, in Floyd Superior Court. Tried before Judge HAMMOND, at the July Term, 1860.

This was a bill in equity, exhibited by Mrs. Melissa C. Brazelton, in behalf of herself and as the next friend of her minor children, Walter M. Brazelton, Olivia E. Brazelton and Melissa J. Brazelton, in which she alleges:

That, in the year 1845, she intermarried with one Gustavus V. Brazelton, and that said minor children are the lawful issue of that marriage; that, in the year 1850, her father, Hardy Howard, made and executed a deed of gift, of which the following is a copy, to wit:

"Georgia, Floyd county.—Know all men by these presents, that I, Hardy Howard, of the county of Jackson, State aforesaid, have this day given and bequeathed to my daughter, Melissa C. Brazelton, and her heirs, a certain negro girl by the name of Ann, about five years old. Said girl I consider worth four hundred dollars, which will be counted out of my estate at that sum to my daughter, Melissa C. Brazelton. In testimony whereof, I have hereunto set my hand and seal, this February 18th, 1850.

his<br>
"HARDY X HOWARD.<br>
mark.

"Test: HARTFORD HOWARD."

Which deed was recorded on the 5th of February, 1856, in the clerk's office of the Superior Court of said county of Floyd; that, before and at the time of executing said deed, it was the intention of the said Hardy Howard that the said deed should be so framed as to give the said negro girl, Ann, to the complainant, during her life, free from the then or any future contracts or liabilities of her husband, and after her death, the said negro girl to be the property of her children, equally; that the said Hardy, being unable to write, at the suggestion of the said Gustavus V. Brazelton, he procured one Walter R. Webster to write the deed, with instructions

to make it speak the intention of said Hardy, as before stated; that said Webster drafted said deed, intending it to be, and supposing it was, a conveyance of said negro girl to the complainant's sole and separate use during her life, remainder to her children equally, but by mistake, and in consequence of his ignorance of the words necessary to carry out said intention of said Hardy, said Webster drew the deed in the form aforesaid, so as to give said negro girl to the complainant and her heirs absolutely; that said Hardy was told that the words, in which the deed was expressed, did carry out his intention, and executed the same under the influence of such a belief; that the deed and the negro were delivered to Gustavus V. Brazelton, and received by him, with a knowledge of the intention aforesaid of the said Hardy, and that the said negro was used by him for the benefit of complainant, and her said children, up to the time of his death; that, after the death of said Gustavus V. Brazelton, the said Webster applied for and obtained letters of administration on his estate, and also obtained leave to sell, and advertised said negro girl for sale, on the first Tuesday in September, 1856, as the property of the estate of the said Gustavus V. Brazelton; that complainant interposed a claim to said negro, which is now pending on the appeal in said Superior Court; that the estate of the said Gustavus V. is insufficient, even with said negro girl, to pay off its debts, and if said Webster is permitted to go on and sell said negro, and distribute the proceeds as administrator, the intention of the said Hardy will be defeated, and the complainant and her children will be deprived of a benefit which he intended to secure to them.

The complainant prays: That the said Webster and the said Hardy Howard may answer the charges in the bill; also that the deed of gift may be reformed; and the complainant may have such other relief as is called for by the facts of her case.

The answer of Hardy Howard fully admits the charges and allegations of complainant's bill, and states further: That, about the time the deed was executed, he proposed to the said Gustavus V. Brazelton to go to Rome and procure a lawyer to draft the deed, to which said Gustavus replied that Webster had read law, and knew as much about it, as any lawyer in Rome; that defendant proposed to go with

said Brazelton to see Webster, but there being but one saddle at the house, the said Brazelton went alone, saying at the same time that he would give Webster the instructions necessary to carry out defendant's intentions; that, when Brazelton returned with the deed written, the defendant doubted whether it was properly worded so as to effect his purpose, and so stated to Brazelton, to which he replied that Webster said, if the deed were drawn as defendant wished it, it would be void by the law against entailed estates, but that, as the deed was drawn, was the proper form to carry out the defendant's intention, under which assurance and belief the defendant signed the deed; that it never was his intention to give said negro to Brazelton, or to give the negro in such a way as that she could be taken from the defendant's daughter and her children.

The answer of Walter R. Webster to the complainant's bill admits the identity and relationship of the parties; the death of Gustavus V. Brazelton, and that he is administrator of his estate, and had obtained leave, and was proceeding to sell the negro, as charged; that the claim was interposed and is pending, as complainant alleges; that the estate of said Brazelton can not pay its debts, even with the negro girl; that said Brazelton brought said negro from Jackson county and had her in his possession twelve months, or more, before the deed was made; that defendant drafted the deed at the request and in exact accordance with the instructions of said Brazelton; that he did not see the deed executed and does not know what the said Hardy Howard's intention, design or purpose was, nor does he know what instructions said Howard gave Brazelton, as to the wording of said deed.

In addition to the bill and answers, the following testimony was adduced on the trial of said case, to wit:

Hartford Howard, testified: That he witnessed the execution of the deed of gift, writing Hardy Howard's name, he making his mark; that, in making said deed, it was the avowed purpose of the said Hardy to give the negro to Mrs. Brazelton and her children, giving as a reason therefor that Brazelton was of dissipated habits; that said Hardy objected to, and refused to sign, the deed of gift, in any manner that would place the negro girl, Ann, in or under the control of Brazelton; that Brazelton expressed himself satisfied with the deed to his wife and children, and said he had as

lief it was made to them as to himself; that, when Brazelton brought the negro girl from Jackson to Floyd county, Hardy Howard refused to make a bill of sale for the negro to Brazelton, at which he became angry, but returned next day and said that he had consulted Webster, and would take the deed as Howard wished it.

It was also proven, by the records of the Ordinary's office, that, after the death of Brazelton, in August, 1854, Webster was appointed administrator of his estate, and in November, 1854, had all the property inventoried appraised, except the girl, Ann, and that afterwards, on the 10th of July, 1856, a second appraisement of said estate was had which included the negro girl, Ann, alone, and that an order, to sell her, was passed; the tax book showed that Webster gave in the negro girl to be taxed, as the agent of Mrs. Brazelton, and as her property.

It was also shown that Brazelton used and controlled the negro girl, from the time he brought her from Jackson to Floyd county up to the time of his death, and spoke of selling her, and did try to sell her, and exercised the same acts of ownership over her that he did over his other negroes.

The jury rendered a decree that the deed of gift be reformed, so as to convey the negro girl, Ann, to Melissa C. Brazelton, for her sole and separate use (free from the control of her husband, and free from any liability on account of any contract, which her then, or any future, husband may make), during her life, and at her death, the negro girl, Ann, with her increase, shall go to the children of said Melissa, equally; and that the claim case be perpetually enjoined.

Whereupon, counsel for Webster made a motion for a new trial of said case, on the following grounds, to wit:

1. Because the verdict of the jury was contrary to evidence.

2. Because the verdict was contrary to law and evidence.

3. Because the verdict of the jury was strongly and decidedly against the weight of evidence.

4. Because the verdict of the jury was contrary to the charge of the Court in this: The Court charged the jury that, in order to reform the deed, it must be fully and satisfactorily proved that the parties to the deed, one and all, must have been mistaken as to its terms.

5. Because the verdict of the jury is without evidence, there being no evidence whatever of the terms that were to be inserted in the deed.

The presiding Judge refused the new trial, and that decision is the error complained of in this case.

D. R. MITCHELL & J. W. H. UNDERWOOD, for the plaintiff in error.

T. W. ALEXANDER, for the defendant in error.

*By the Court.*—LUMPKIN, J., delivering the opinion.

Melissa C. Brazelton is the daughter of Hardy Howard and the widow of Gustavus V. Brazelton. Gustavus V. Brazelton is dead, and Walter R. Webster, who administered upon his estate, proposes to sell a negro woman, as the property of his intestate. Melissa C. Brazelton files her bill to prevent the sale, alleging that the deed of gift made by her father to her, and which, by operation of law, vested the property in her husband, was not drafted so as to speak the pure intention of the donor, and praying that it may be reformed.

Webster himself was the scrivener. The instrument conveys the slave to Mrs. Brazelton and her heirs, and the writer supposed that it vested a separate estate in Mrs. Brazelton and her children. The proof, however, satisfactorily shows that it was the understanding and purpose of the parties to protect the property from the marital rights of the husband. It is apparent that the Mr. Webster, the draftsman, so thought, and this is inferrable, not only from the words of the paper—"to Mrs. Brazelton and her heirs"—but after the death of Brazelton he had no inventory made of this negro. And that is not all. He gave her in to the tax receiver as the agent of Mrs. Brazelton, and not as the administrator of her husband. The two Howards—father and son—swear positively to the mistake, and all the circumstances corroborate their testimony. Upon the proofs submitted, the jury decreed for the complainant. The Circuit Judge refused to grant a new trial, and, we think, rightfully.

## JUDGMENT.

Whereupon, it is considered and adjudged by the Court, that the judgment of the Court below be affirmed.